654 So.2d 761 (1995)
STATE of Louisiana
v.
Darnell LEWIS.
No. 95-K-0209.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1995.
*762 Harry F. Connick, Dist. Atty., Deborah Villio Kettenring, David Paul Wolff, Karen Kirshbom Herman, Asst. Dist. Atty., New Orleans, for relator.
Pauline Fransen Hardin, M. Richard Schroeder, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for respondent.
Before BARRY, PLOTKIN and WALTZER, JJ.
WALTZER, Judge.
We are called upon to review the ruling of the trial court denying expert status to Ms. Anne H. Montgomery, who presented herself to the court as an expert in molecular biology and DNA analysis.
PROCEDURAL BACKGROUND
An Orleans Parish Grand Jury indicted Darnell Lewis with numerous crimes, including, inter alia, nine (9) counts of aggravated rape, violations of La.R.S. 14:42. The prosecution attempted to introduce DNA evidence at trial, the result of testing and analysis conducted by GenTest Laboratories under *763 the direction of laboratory director Dr. Sudhir K. Sinha.
A hearing was held 4 January 1995 to determine whether the tests and the methodology used to obtain the test results are reliable, whether the prosecution had complied with discovery requests, and whether Ms. Anne Montgomery, assistant director of GenTest Laboratories, should be recognized as an expert in DNA analysis and testing. Ms. Montgomery was offered as an expert in the field of molecular biology, DNA testing and analysis. The trial court ruled at the conclusion of the hearing that Ms. Montgomery would be denied expert status, thus disallowing her testimony regarding the findings of her DNA analysis and testing. The trial court denied Ms. Montgomery expert status because a) Dr. Sinha was the primary scientist handling testing in this case, and b) Ms. Montgomery does not hold a doctoral degree.
Respondent asserts that this ruling was correct because a) Ms. Montgomery was not the sole author of her published articles on the subject of DNA, but wrote articles in collaboration with Dr. Sinha; b) that the nature of the publications in which she has published are promotional of her laboratory work rather than scientific; c) that Ms. Montgomery is biased because she works for GenTest; d) that she is not board certified as a lab director; e) that she has been an associate laboratory director for only a year; and f) that Ms. Montgomery is a technician and not a scientist.
Respondent's arguments in the trial court and in brief to this court in response to the State's writ application rely on an affidavit signed on 5 January 1995 by Donald T. Acton, Ph.D., one day after the hearing, and filed into the record on 6 January 1995, two days after the hearing. Dr. Acton did not testify at trial and he was not subject to cross examination. The affidavit was not considered by the trial court, and in fact did not exist until after the trial court ruled. As such, it is dehors the record, and will not be considered by this Court, whose review is limited to evidence of record in the trial court.
Significantly, the trial court never addressed the issue of whether DNA evidence was reliable for admission at trial. The trial judge declined to qualify Ms. Montgomery as an expert, without deciding whether the DNA test offered possessed reliability, relevancy and pertained to scientific, technical, or other specialized knowledge that would assist the trier of fact to understand the evidence or to determine a fact in issue. See, Daubert v. Merrell Dow Pharmaceuticals, Inc., ___ U.S. ___, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
ADMISSION OF EVIDENCE VERSUS EXPERTISE
Relator and Respondent agree that La. C.E. art. 702 governs the qualifications of expert witnesses and admissibility of expert testimony. Article 702 provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
This provision is virtually identical to its source provision in the Federal Rules of Evidence, F.R.E. 702, and to the evidentiary rule of several other states. Subsumed in the requirements of Rule 702 is that the expert testimony must be reliable to be admissible.
In Daubert, supra the United States Supreme Court was concerned with determining the admissibility of testimony pertaining to new scientific knowledge and new techniques, in a novel area, and whether expert testimony would pertain to matters that are helpful to the factfinder. The "helpfulness" standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility. The issue of the "expertise" of Ms. Montgomery and the issue of "admissibility" were intertwined by the parties and the trial court.
The preliminary question concerning the qualification of a person to be a witness or the admissibility of evidence should be established by the preponderance of the evidence. See, Bourjaily v. United States, 483 U.S. 171, 107 S.Ct. 2775, 97 *764 L.Ed.2d 144 (1987). Generally, the determination of whether to qualify a witness as an expert under La.C.E. art. 702 is within the sound discretion of the trial judge. Clement v. Griffin, 91-1664 (La.App. 4 Cir. 3/3/94), 634 So.2d 412, writs denied, 94-0717, 94-0777, 94-0789, 94-0791, 94-0799, 94-0800 (La. 5/20/94), 637 So.2d 478, 479. Trial judges are thus afforded great latitude in deciding whether a prospective expert has the competence, background, and experience to testify as an expert. Although such discretion is not absolute, Adams v. Chevron U.S.A. Inc., 589 So.2d 1219 (La.App. 4th Cir.1991), writs denied 592 So.2d 414, 415 (La.1992), the trial court's decision to qualify an expert will not be overturned absent manifest error. Longman v. Allstate Ins. Co., 93-0352 (La.App. 4 Cir. 3/29/94), 635 So.2d 343. Trial courts are vested with great discretion in determining the competence of an expert witness, and the rulings on the qualification of a witness as an expert will not be disturbed unless there was an abuse of discretion. State v. Trahan, 576 So.2d 1 (La. 1990).
Factors to be considered in evaluating the admissibility of expert testimony are whether a witness is qualified to express expert opinion; whether the facts upon which the expert relies are of the same type as relied upon by other experts in the field; whether in reaching his/her conclusion the expert used well-founded methodology; and, assuming the expert's testimony passes these tests, whether the testimony's potential for unfair prejudice substantially outweighs its probative value under relevant rules. La. C.E. arts. 702 and 704. Formal education in an area of expertise is not required for a witness to be qualified as an expert; experience alone may be enough. Adams v. Chevron, 589 So.2d at 1224.
The parties to this litigation and the trial court have misconstrued the relevant issues. The issue raised by this writ application does not concern whether DNA evidence is so novel that it is not admissible or relevant. Nor is the question for review whether the tests sought to be admitted have been performed in conformity with the requisite scientific standards. DNA evidence has been used for several years to identify genetic links and markers either excluding or including criminal defendants from consideration by the factfinder as identified perpetrators of crimes. Protocols for DNA tests abound and have been subjected to factfinders' scrutiny in scores of cases. Our legislature has codified that:
Evidence of deoxyribonucleic acid profiles, genetic markers of the blood, and secretor status of the saliva offered to establish the identity of the offender of any crime is relevant as proof in conformity with the Louisiana Code of Evidence. La.R.S. 15:441.1. (Emphasis added.)
All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of Louisiana, this Code of Evidence, or other legislation. Evidence which is not relevant is not admissible. La.C.E. art. 402.
The trial court applied criteria fashioned for determination of the issue of the reliability of DNA evidence, and misapplied these criteria to determine the expertise of the proffered expert witness. It is the scientific test of DNA that requires peer review and/or publication, the known or potential rate of error, the existence of standards controlling the technique's operation (or, more simply put, testability) and, finally, incorporation and acceptance in the scientific community. See, Daubert, ___ U.S. at ___ - ___, 113 S.Ct. at 2796-97. These gatekeeping functions which are to be applied in novel scientific areas do not serve as an appropriate measuring stick for the trial court's evaluation of Ms. Montgomery's expertise.
Not only has the trial court misunderstood the issue, but Respondent supported the notion that the evidentiary criteria are to be applied to Ms. Montgomery's expertise and not to the experiment. The State's writ application does not clarify these points, and never precisely states the actual issue. Most of the discussion in the writ application summarizes Ms. Montgomery's education, training, experience, and awards. The application never clearly presents the true issue of whether Ms. Montgomery is qualified as an expert in DNA analysis and testing and whether the trial court committed manifest *765 error in refusing to qualify Ms. Montgomery as an expert in DNA testing and analysis. That inquiry is governed by La.C.E. art 702 as stated as the first factor of the four factor test of Christophersen v. Allied-Signal Corp., 939 F.2d 1106 (5th Cir.1991), cert. denied 503 U.S. 912, 112 S.Ct. 1280, 117 L.Ed.2d 506 (1992), adopted by this Court in Adams v. Chevron, Inc., supra.[1]
As to the issue, Relator summarizes Ms. Montgomery's knowledge, skill, experience, training and education and argues that the trial court erred in not having qualified her as an expert. Respondent describes Ms. Montgomery as a "technician" not a "scientist."[2] Respondent contends that Ms. Montgomery did not have the appropriate training at the time the DNA tests were performed on the evidence at issue, a fact irrelevant to whether she should be qualified now to testify at trial about DNA testing and analysis.[3]
After the court ruled that Ms. Montgomery should not be qualified as an expert, the court said, "Call Dr. Sinha [as the expert] since he performed most of the tests in the case in the first place." The trial court believed that since Dr. Sinha performed most of the tests in the present case, he must be called as the State's expert witness. The State may well have chosen to call Dr. Sinha as a fact witness rather than as an independent expert. Therefore, the trial court's expectation of hearing Dr. Sinha's testimony as an expert witness was misplaced.
Respondent's argument that Ms. Montgomery lacks the requisite expertise has no support in the law, because La.C.E. art. 702 allows a person to be qualified as an expert based on experience. In fact, experience alone may be sufficient to qualify a person as an expert. Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544 (La.App. 1 Cir. 3/11/94), 634 So.2d 466, writ denied 94-0906 (La. 6/17/94), 638 So.2d 1094. The fact that Ms. Montgomery was not trained in DNA testing until a year after the tests related to the present case were performed is irrelevant. The question is whether she is qualified to testify as an expert now, not whether she was an expert in 1991.
Ms. Montgomery testified that she belongs to a number of invitational professional organizations. She testified to having received numerous academic awards and to her professional achievements. Significantly, Ms. Montgomery has never been denied expert qualification and has testified in Section "F" of Criminal District Court in Orleans Parish as an expert in DNA analysis and testing. She testified that she was accorded expert status in that field and testified in the State of Florida and in Jefferson and St. Charles Parishes. Prior qualification, although not dispositive of expert status, is a factor used by courts in determining whether someone should be qualified as an expert witness. State v. Bourque, 622 So.2d 198 (La.1993). Respondent offers the Acton affidavit to argue that Ms. Montgomery does not meet the standards for individuals set forth by a number of certifying boards. Since we disregard the Acton affidavit and there was no evidence or testimony to establish a lack of certification, there is no proof that her certifications are inadequate. Although Respondent asserts that Ms. Montgomery has not published any articles that are scientifically researched or peer reviewed, the record reflects that she has authored or co-authored more than fourteen articles, many of which pertain to DNA testing and analysis. Respondent also charges that Ms. Montgomery's relationship with the laboratory that performed the analysis on the specimens in question may show bias on her part. Bias does not preclude a witness from being qualified as an expert. State v. *766 Gray, 533 So.2d 1242 (La.App. 4th Cir.1988), writ denied, 546 So.2d 1209 (La.1989). Bias is a factor to be considered by the factfinder in deciding how much weight to give her testimony. Credibility is for the factfinder. The jury is the lie detector in the courtroom. Cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof rather than exclusion is the appropriate means by which Ms. Montgomery's testimony may be challenged.

CONCLUSION
Our standard of review is manifest error. We find that the trial court's ruling was manifestly erroneous, by having abused its broad discretion, refusing to accept Ms. Montgomery as an expert in the fields of DNA analysis and molecular biology. She has sufficient experience and education to testify as an expert in these fields.
The trial court shall decide whether the DNA test is admissible in general and whether the particular DNA test performed by GenTest in this case is admissible. The trial court is to use the following criteria in determining the admissibility of the DNA test results and conclusions: a) the "testability" of the expert's theory or technique; b) whether the theory or technique has been subjected to peer review and publication; c) the known or potential rate of error, and d) whether the methodology is generally accepted in the scientific community.
The trial court must be cognizant of the requirement that expert scientific testimony must rise to a level of reliability in order to be admissible under La.C.E. art. 702. State v. Foret, 628 So.2d 1116, 1123 (La.1993).
The ruling failing to qualify Ms. Montgomery as an expert in the fields of DNA analysis and molecular biology is hereby REVERSED. Any and all hearings concerning the admissibility of the DNA test and analysis are to be conducted in conformity with the foregoing criteria.
WRIT GRANTED. TRIAL COURT'S RULING REVERSED.
NOTES
[1] The remaining factors of this test bear on the admissibility of the expert testimony.
[2] The arguments raised by Respondent in the remainder of his memorandum rely on Dr. Ronald Acton's affidavit, which was signed and filed after the trial court ruled Ms. Montgomery was not qualified as an expert. Since this affidavit was not considered by the trial court in making its determination, we have not considered it.
[3] The Relator also discusses such irrelevant facts as the reliability of the testing procedures and the test results and confuses the relevant issue (whether Ms. Montgomery should be qualified as an expert) with an issue which has not yet been faced by the trial court or this Court, that is, whether the expert testimony that she gives should be admissible.